DUNCAN McDOUGALL, Appellant, *v.* ARCHIBLE HESS, Respondent.

(Argued January 25, 1877; decided February 6, 1877.)

THIS action was brought to recover for a quantity of meal and middlings, alleged to have been sold by plaintiff to defendant.

The goods were delivered to Arnold & Wiles, who were carrying on a distillery. It was claimed by plaintiff that they were doing this as agents for the defendant, who was the real principal. Plaintiff sought to establish this by proof of the acts of defendant and his apparent relations with Arnold & Wiles, his stocking the distillery, disposing of the products, furnishing money and credits, claiming to own the property, etc. On cross-examination of one of plaintiff's witnesses, and on the direct-examination of one of defendant's, defendant was allowed to show, under objection and exception, that he had an arrangement with Arnold & Wiles, by which they were to feed cattle for him from the distillery slops. Exception also was taken to proof that Arnold & Wiles turned out meal and other property in the distillery, from time to time, to defendant to secure him for his advances, and as to other dealings between them. *Held*, that the evidence was proper, as part of the *res gestæ*, to show the precise relations between the parties, and the circumstances under which defendant furnished pecuniary aid, in explanation of the facts proved by plaintiff.

Upon the cross-examination of plaintiff, as a witness, he was asked whether his circumstances were such that he had been in need of money during the time he had permitted the alleged account to run? This was objected to, and over-ruled, and exception taken. The answer was that he had to borrow sometimes. *Held*, that the question was proper on cross-examination; and that the answer could not have affected the result, as the fact of his having to borrow money, as it is usual for business men to do, did not tend to show that his resources and credit were not ample to meet his engagements and carry on business without insisting upon a prompt pay-ment of debts due him; that it was not within the principle of *Green* v. *Disbrow* (56 N. Y., 334).

The testimony was conflicting and the referee found for the defendant. Exception was taken to his refusal to find facts which were in accordance with the views, and in support of the claim of plaintiff. *Held*, no error, as the conclusions of the referee embodied in the report sufficiently passed upon all the material facts and were adverse to plaintiff's claim.

(Argued January 25, 1877; decided February 6, 1877.)

*M. J. Shoecraft* for the appellant.

*Charles Mason* for the respondent.

ALLEN, J., reads for affirmance. All concur, except ANDREWS, J., not voting.

Judgment affirmed.